Exhibit A

VA Form 26-6338a (Home Loan)
Revised March 1978. Use Optional.
Section 1810, Title 38, U.S.C.
Acceptable to Federal National
Mortgage Association (Amended
May, 1989)

## MORTGAGE NOTE

**PENNSYLVANIA**

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE VETERANS ADMINISTRATION OR ITS AUTHORIZED AGENT.

$ **69,360.00**

**PHILADELPHIA** , Pennsylvania.
**March** **30** , **2000**

FOR VALUE RECEIVED, the undersigned,
**WILLIAM T. SMITH**

hereinafter called the Maker, promises to pay to
**COMNET MORTGAGE SERVICES** **A DIVISION OF COMMONWEALTH BANK**

or order, a corporation organized and existing under the laws of the **PENNSYLVANIA**
hereinafter designated as the Payee, the principal sum of **Sixty Nine Thousand Three Hundred Sixty and no/100**

Dollars ($ **69,360.00** ), with interest from date at the rate of **Eight and One Half**

per centum ( **8.500** %), per annum on the unpaid balance until paid. The said principal and interest
shall be payable at the office of **COMNET MORTGAGE SERVICES A DIVISION OF COMMONWEALTH BANK**
at **2 WEST LAFAYETTE STREET, NORRISTOWN, PA 19401**
or at such other place as the holder may designate in writing in monthly installments of
**Five Hundred Thirty Three and 32/100**
Dollars ($ **533.32** ), commencing on the first day of **May** , **2000** ,
and on the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of the
entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable on the first day of **April** , **2030** .

Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than
the amount of one installment, or One Hundred Dollars ($100.00), whichever is less. Prepayment in full shall be credited on the
date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment
due date or thirty days after such prepayment, whichever is earlier.

Simultaneously with the execution of this Note the Maker has executed and delivered to the Payee a Mortgage secured
upon certain premises situated in the County of **PHILADELPHIA**
Commonwealth of Pennsylvania, more particularly described in the Mortgage. All of the terms, convenants, provisions, conditions,
stipulations and agreements contained in said Mortgage to be kept and performed by the Maker are hereby made a part of this
Note to the same extent and with the same force and effect as if they were fully set forth herein, and the Maker convenants and
agrees to perform the same, or cause the same to be kept and performed, strictly in accordance with the terms and provisions thereof.

The whole of the principal sum or any part thereof, and of any other sums of money secured by the Mortgage given to secure
this Note, shall, forthwith, at the option of the Payee or any subsequent holder hereof, become due and payable immediately,
without notice or demand, if default be made in any payment under this Note, and if the default is not made good prior to the
due date of the next such installments; or upon the happening of any default which, by the terms of the Mortgage given to secure
this Note, shall entitle the Payee, or any subsequent holder hereof, to declare the same, or any part thereof, to be due and payable.

The Maker does hereby empower any attorney of any court of record within the United States or elsewhere to appear for
Maker, with or without a declaration filed, and confess judgment or judgments against said Maker in favor of the Payee or any
subsequent holder hereof, as of any term, for the entire unpaid principal of this Note, and all other sums paid by the holder
hereof to or on behalf of the Maker pursuant to the terms of this Note or said Mortgage, and all arrearages of interest thereon,
together with costs of suit, attorney's commission of 5 % for collection, and a release of all the right
of inquistion on all property levied upon to collect the indebtedness evidenced hereby and does voluntarily condemn the same and
authorizes the Prothonotary to enter such condemnation, and waives and releases all laws, now in force or hereafter enacted, relating
to exemption, appraisement or stay of execution.

The agreements herein contained shall bind, and the benefits and advantages shall inure to, the respective successors and
assigns of the parties hereto. Wherever used, the singular number shall include the plural, the plural the singular, and the use
of any gender shall be applicable to all gender.

IN WITNESS WHEREOF, the Maker has casued these presents to be executed under seal the day and year first above written.

Signed, Sealed and Delivered in the Presence of -

_____ (Seal)
**WILLIAM T. SMITH**

_____ (Seal)

s.K

PAY TO THE ORDER OF NORWEST MORTGAGE INC.
WITHOUT RECOURSE

ROBERT F. JOHNSON, JR., MORTGAGE OFFICER
COMNET MORTGAGE SERVICES A DIVISION OF
COMMONWEALTH BANK

WITHOUT RECOURSE
PAY TO THE ORDER OF

NORWEST MORTGAGE, INC.

By _____
Robert J. Kozitza
Assistant Secretary

**WELLS HOME**
**FARGO MORTGAGE**

Wells Fargo Home Mortgage

210 Wildwood Parkway
Birmingham, AL 35209

Tel: 877 913 3376 Toll Free

## LOAN MODIFICATION AGREEMENT

PROPERTY ADDRESS 2645 Parma Road
                 Philadelphia PA 19131-2708

THIS LOAN MODIFICATION AGREEMENT ("Agreement"), made on
June 10, 2014, by and between William T Smith
                          (the "Borrower(s)") and
Wells Fargo Bank, N. A.  (the "Lender",
together with the Borrower(s), the "Parties").

### WITNESSETH

WHEREAS, Borrower has requested and Lender has agreed, subject to the
following terms and conditions, to a loan modification as follows:
NOW THEREFORE, in consideration of the covenants hereinafter set forth
and for other good and valuable consideration, the receipt and
sufficiency of which are hereby acknowledged by the Parties, it is agreed
as follows (notwithstanding anything to the contrary in the Note and
Security Instrument dated 03/30/2000.)
1.  BALANCE. As of June 10, 2014, the amount payable under the Note
and Security Instrument (the "Unpaid Balance") is U.S.
$ 79,686.20.
2.  EXTENSION. This Agreement hereby modifies the following terms of the
Note and Security Instrument described herein above as follows:
    A. The current contractual due date has been extended from 11-01-13
    to 08/01/2014. The first modified contractual due date is on
    08/01/2014.
    B. The maturity date has been extended from 12-36 (month/year) to
    05/01/2040.
    C. The amount of interest to be included (capitalized) will be U.S.
    $ 3,137.67.
    The amount of the Escrow Advance to be capitalized will be U.S.
    $2,766.00.
    The amount of Recoverable Expenses* to be capitalized will be
    U.S. $0.00.
    The modified Unpaid Principal Balance is U.S. $ 85,288.48.
    * Recoverable Expenses may include, but are not limited to: Title,
    Attorney fees/costs, BPO/Appraisal, and/or Property Preservation/
    Property Inspections

/Pg1

Together we'll go far



Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.



D. The Borrower(s) promises to pay the Unpaid Principal Balance plus interest, to the order of the Lender. Interest will be charged on the Unpaid Principal Balance of U.S. $ 85,288.48. The Borrower(s) promises to make monthly payments of principal and interest of U.S. $ 429.97, at a yearly rate of 3.750%, not including any escrow deposit, if applicable. If on the maturity date the Borrower(s) still owes an amount under the Note and Security Instrument, as amended by this Agreement, Borrower(s) will pay this amount in full on the maturity date.

E. Borrower agrees that certain amounts owed will not be capitalized, waived, or addressed as part of this Agreement, and will remain owed until paid. These amounts owed are referenced in the Cover Letter to this Agreement, which is incorporated herein, and are to be paid with the return of this executed Agreement. If these amounts owed are not paid with the return of this executed Agreement, then Lender may deem this Agreement void.

3. NOTE AND SECURITY INSTRUMENT. Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Note or Security Instrument. Further, except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and shall comply with, all of the terms and provisions thereof, as amended by this Agreement.
4. The undersigned Borrower(s) acknowledge receipt and acceptance of the Loan Modification Settlement Statement. Borrower(s) agree with the information disclosed in and understand that I/we am/are responsible for payment of any outstanding balances outlined in the Loan Modification Settlement.
5. The undersigned Borrower(s) acknowledge receipt and acceptance of the Borrower Acknowledgements, Agreements, and Disclosures Document (BAAD).
6. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Truth in Lending statement.
7. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the 1-4 Family Modification Agreement Rider Assignment of Rents.
8. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Notice of Special Flood Hazard disclosure.

█████/Pg2

Wells Fargo Home Mortgage

210 Wildwood Parkway
Birmingham, AL 35209

Tel:  877 913 3376 Toll Free

9. This Agreement is conditioned upon the receipt of the 1-4 Family
Modification Agreement Rider Assignment of Rents, if included, specified
in the attached cover letter, which is incorporated herein by reference.
10.    That (he/she/they) (is/are) the Borrower(s) on the above-referenced
Mortgage Loan serviced by Wells Fargo Bank, N. A. .

That (he/she/they) have experienced a financial hardship or change in
financial circumstances since the origination of (his/her/their)
Mortgage Loan.

That (he/she/they) did not intentionally or purposefully default on the
Mortgage Loan in order to obtain a loan modification.

CORRECTION AGREEMENT. The undersigned borrower(s), for and in
consideration of the approval, closing and funding of this
Modification, hereby grants Wells Fargo Bank, N. A. , as
lender, limited power of attorney to correct and/or initial all
typographical or clerical errors discovered in the Modification
Agreement required to be signed. In the event this limited power of
attorney is exercised, the undersigned will be notified and receive
a copy of the document executed or initialed on their behalf. This
provision may not be used to modify the interest rate, modify the
term, modify the outstanding principal balance or modify the
undersigned's monthly principal and interest payments as modified by
this Agreement. Any of these specified changes must be executed
directly by the undersigned. This limited power of attorney shall
automatically terminate in 120 days from the closing date of the
undersigned's Modification.  _W.T.S._  _____ (Borrower(s) initial)

11. CONSENT TO DISCLOSE PERSONAL INFORMATION
I consent to the disclosure of my personal information, including the
terms of this modification, to any investor, owner, servicer, insurer
or guarantor who owns, services, insures or guarantees my first lien
account for purposes related to the second mortgage Consumer Relief
Program. I also consent to the disclosure of my personal information to
any entity that performs support services for the second mortgage
Consumer Relief Program, including marketing, survey, research or other
borrower outreach, data processing and technical systems consulting.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as
the date first above written.

By signing this Agreement I hereby consent to being contacted concerning
this loan at any cellular or mobile telephone number I may have. This
includes text messages and telephone calls including the use of
automated dialing systems to contact my cellular or mobile telephone.
You will not be billed by your cellular or mobile carrier for any text
messages you may receive from Wells Fargo, however, any call we make
to your cellular or mobile phone will incur normal airtime charges
assessed by your mobile carrier.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.

**WELLS FARGO** | **HOME MORTGAGE**

Wells Fargo Home Mortgage

210 Wildwood Parkway
Birmingham, AL 35209

Tel: 877 913 3376 Toll Free

Dated as of this _16_ day of _June_____, 20_14_ .

_William T. Smith_ (signature)                    _____
William T Smith
Signature                                          Signature

_Au,_  _07/10/14_
Wells Fargo Bank, N. A.

Name: _____**Asnaku Cherenet**
                            **Vice President Loan Documentation**
Its:_____

█████████ /Pg4

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. █████████

Exhibit B



onal Section 1810, T4 c 38<br>U.S.C. Acceptable to Federal<br>National Mortgage Association<br>(Amended May, 1989)

# MORTGAGE

PENNSYLVANIA

50063160
Page 1 of 6
04/10/2000 03.13PM

THIS MORTGAGE, made the 30th day of March in the year of our Lord and 2000 , BETWEEN

**WILLIAM T. SMITH** (hereinafter called Mortgagor) and

**COMNET MORTGAGE SERVICES A DIVISION OF COMMONWEALTH BANK** a corporation organized and existing under the laws of the State of PENNSYLVANIA , and having its principal office and post-office address in 2 WEST LAFAYETTE STREET NORRISTOWN, PA 19401 (hereinafter called Mortgagee):

WITNESSETH: That the Mortgagor to secure the payment of

Sixty Nine Thousand Three Hundred Sixty and no/100

Dollars ($ 69,360.00 ), with interest from date, at the rate of Eight and One Half per centum ( 8.500%) per annum on the unpaid balance until paid, as provided in a Note of even date herewith, from the Mortgagor to the Mortgagee, in monthly installments of

Dollars ($ ), commencing on the first day of May , 2000 , and continuing thereafter on the first day of each month until such debt is fully paid, except that, if not sooner paid, the final payment thereof shall be due and payable on the first day of April 2030 , and also to secure the performance of all covenants, agreements and conditions herein contained, does by these presents grant, bargain, sell, assign, release, convey and confirm to the Mortgagee, ALL the following described real property situate in the PHILADELPHIA CITY County of PHILADELPHIA and Commonwealth of Pennsylvania, to wit:

As more fully described in Exhibit "A" hereto and made a part hereof.

## THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE U.S. DEPARTMENT OF THE VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

This Document Recorded
04/10/2000
03.13PM
Doc Code: M    Commissioner of Records, City of Philadelphia

Doc Id 50063160
Rec Fee: 32.00

TOGETHER with all and singular the buildings, improvements, and fixtures on said premises, as well as all additions or improvements now or hereafter made to said premises, streets, alleys, passages, ways, waters, water courses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof, and in addition thereto the following described household appliances, which are, and shall be deemed to be, fixtures and a part of the realty, and are a portion of the security for the indebtedness herein mentioned, namely,

**2645 PARMA ROAD**
**PHILADELPHIA, PA 19131**

provided, however, that the Mortgagor shall be entitled to collect and retain the said rents, issues, and profits until default hereunder:

TO HAVE AND TO HOLD said property, hereby granted, with the appurtenances, unto said Mortgagee to its own use forever:

MUTUAL ABSTRACT COMPANY
421 Bustleton Pike
Feasterville, PA 19053
215-355-6300

This Indenture is made, however, subject to the following covenants, conditions, agreements and stipulations, and the Mortgagor covenants and agrees:

1. That the Mortgagor will promptly pay the principal of and interest on the indebtedness evidenced by the said Note, at the times and in the manner therein provided, with privilege reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100.00), whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment due date or thirty days after such prepayment, whichever is earlier.

2. To more fully protect the security of this Mortgage, the Mortgagor shall pay to the Mortgagee as trustee (under the terms of this trust as hereinafter stated) in addition to and concurrently with, each monthly installment of principal and interest until said Note is fully paid, the following sums:

   (a) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance, plus taxes, assessments, and sewer and water rents, next due on the premises covered by this Mortgage (all as estimated by the Mortgagee, and of which the Mortgagor is notified) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes, assessments, and sewer and water rents, will become due, such sums to be held by Mortgagee in trust to pay said ground rents, premium, taxes, assessments, and sewer and water rents.

   (b) The aggregate of the amounts payable pursuant to subparagraph (a) and those payable on this debt shall be paid in a single payment each month, to be applied to the following items in the order stated:

      (I) ground rents, taxes, assessments, sewer and water rents, fire and other hazard insur-
           ance premiums;

      (II) interest on this debt; and

      (III) amortization of the principal of this debt.

   Any deficiency in the amount of any such aggregate monthly payment shall constitute an event of default hereunder and under said Note, unless made good by Mortgagor prior to the due date of the next such payment. At Mortgagee's option, Mortgagor will pay a "late charge" not exceeding four per centum (4%) of any installment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured thereby.

3. If the total of the payments made by Mortgagor, under (a) of paragraph 2 preceding, shall exceed the amount of payments actually made by Mortgagee as trustee for ground rents, taxes, assessments, sewer or water rents, or insurance premiums, as the case may be, such excess shall be credited on subsequent payments to be made by Mortgagor for such items or, at Mortgagee's option, as trustee shall be refunded to Mortgagor. If, however, such monthly payments shall not be sufficient to pay such items when the same shall become due and payable, then Mortgagor shall pay to Mortgagee as trustee any amount necessary to make up the deficiency within thirty (30) days after written notice from Mortgagee stating the amount of the deficiency, which notice may be given by mail. If at any time Mortgagor shall tender to Mortgagee, in accordance with the provisions hereof, the full payment of the entire indebtedness represented hereby, Mortgagee, as trustee, shall, in computing the amount of such indebtedness, credit to the account of Mortgagor any credit balance remaining under the provisions of (a) of paragraph 2. If there shall be a default under any of the provisions of the Note and this Mortgage securing the same, which results in a public sale of the premises covered thereby, or if title to the property is otherwise acquired by the Mortgagee after the default, the Mortgagee, as trustee, shall apply at the time of the commencement of such proceedings, or at the time property is otherwise acquired by the Mortgagee, the balance remaining to the credit of Mortgagor under (a) of paragraph 2, as a credit on the interest accrued and unpaid and the balance on the principal then remaining unpaid on the Note.

4. Mortgagor shall pay to Mortgagee all ground rents, taxes, assessments, sewer and water rents, and all other charges and claims assessed or levied at any time by any lawful authority upon the premises covered by this Mortgage which, by any present or future law or laws, shall have priority in lien or payment to the debt represented by said Note and secured by this Mortgage, and provision for the payment of which is not otherwise made herein, such payment to be made by Mortgagor within thirty (30) days after demand by Mortgagee, stating the amount.

5. The principal indebtedness hereby evidenced and secured represents money actually used for the acquisition of or for improvements to the premises secured by said Mortgage.

6. Mortgagor will continually maintain hazard insurance, of such type or types and amounts as the Mortgagee may from time to time require, on the improvements now or hereafter on said premises, and except when payment for all such premiums has theretofore been made under (a) of paragraph 2 hereof, will pay promptly when due any premiums therefor. All insurance shall be carried in companies approved by Mortgagee and the policies and renewals thereof shall be held by Mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to Mortgagee. In event of loss, Mortgagor will give immediate notice by mail to Mortgagee, and Mortgagee may make proof of loss if not made promptly by Mortgagor. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Mortgagee instead of to Mortgagor and Mortgagee jointly. The insurance proceeds, or any part thereof, may be applied by Mortgagee at its option either to the reduction of the indebtedness or to the restoration or repair of the property damaged. In the sole and absolute discretion of Mortgagee, in event of foreclosure of the Mortgage or transfer of title to the mortgaged property in partial or total extinguishment of the Note hereby secured, all right, title, and interest of Mortgagor in and to any insurance policies then in force shall pass to the purchaser or grantee or shall be cancelled and the cancellation proceeds, if any, retained by Mortgagee. Full power is hereby given to Mortgagee to settle or compromise all claims under such policies and to demand, receive and receipt for all moneys becoming payable thereunder.

7. Mortgagor shall not execute or file of record any instrument which imposes a restriction upon the sale or occupancy of the property herein described on the basis of race, color or creed.

8. Mortgagor will not suffer any lien superior to the lien created by this Mortgage to attach to or to be enforced against the premises covered by this Mortgage. Mortgagor shall not commit or permit waste; and shall maintain the property in as good condition as at present, reasonable wear and tear excepted. Upon any failure so to maintain, Mortgagee, at its option, may cause reasonable maintenance work to be performed at the cost of Mortgagor.

9. Mortgagee shall have the right to pay any ground rents, taxes, assessments, sewer and water rents and all other charges and claims which Mortgagor has agreed to pay under the terms hereof, to advance and pay any sums of money that in its judgment may be necessary to perfect or preserve the title of the premises covered by this Mortgage, or for insurance premiums or for any authorized maintenance work. Any amount or amounts so paid or advanced shall be added to the principal debt, shall bear interest at the rate provided for in the principal indebtedness from the date of payment or advance, and shall be secured by this Mortgage ratably with said principal debt and interest thereon. Mortgagee, at its option, also shall be entitled to be subrogated to any lien, claim, or demand paid by it, or discharged with money advanced by it and secured by this Mortgage. The payments and advances so made shall be payable in approximately equal monthly payments extending over such periods as may be agreed upon by the Mortgagor and Mortgagee, but not beyond the due date of the final installment of the principal debt. In event of failure to agree on date of maturity, the whole of the sum or sums so paid or advanced shall be due and payable thirty (30) days after demand by Mortgagee.

10. The lien of this Mortgage shall remain in full force and effect during postponement or extension of the time of payment of the indebtedness, or any part thereof, which it secures.

11. Upon the request of Mortgagee, Mortgagor shall execute and deliver a supplemental Note or Notes for the sum or sums advanced or paid by Mortgagee for the alteration, modernization or improvement of the mortgaged property made at Mortgagor's request; and for maintenance of said property, or ground rents, taxes, assessments, sewer and water rents, and all other charges and claims assessed or levied against said property by any lawful authority, or for any other purpose elsewhere authorized hereunder. Said Note or Notes shall be secured by this Mortgage on a parity with and as fully as if the amounts stated in such Note or Notes were part of that stated in the Note hereby secured. Said supplemental Note or Notes shall bear interest at the rate provided for in the principal indebtedness and shall be payable in approximately equal monthly payments for such period as may be agreed upon by Mortgagor and Mortgagee. In event of failure to agree on date of maturity, the whole of the sum or sums so advanced or paid shall be due and payable thirty (30) days after demand by Mortgagee; but in no event shall any such maturity or due date extend beyond the due date of the final installment of the principal debt.

12. If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of the parties hereto, and any provisions of this or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations are hereby amended to conform thereto.

13. If, at any time, a Writ of Execution (Money Judgment) or other execution is properly issued upon a judgment obtained upon said Note, or if an Action of Mortgage Foreclosure or any other appropriate action or proceeding to foreclose a mortgage is instituted upon or under this Mortgage, an attorney's commission of   FIVE      per centum (    5.000      %) of said principal debt shall be payable, and recovered in addition to all principal and interest and all other recoverable sums then due, together with costs of suit.

14. If any deficiency in the amount of any aggregate monthly payment mentioned in (b) of paragraph 2 shall not be made good by Mortgagor prior to the due date of the next such payment, or if default be made at any time in any of the covenants and agreements herein, or in the Note secured, then and in every such case, the whole principal debt shall, at the option of Mortgagee, become due and payable immediately. Payment thereof and all interest accrued thereon, with any attorney's commission as hereinbefore mentioned, may be enforced and recovered at once, anything herein contained to the contrary notwithstanding.

In the event of any breach of any covenant, condition, or agreement of said Note, or of this Mortgage, it shall be lawful for Mortgagee to enter upon all and singular the land, buildings, and other rights, corporeal and incorporeal, granted by this Mortgage, and to take possession of the same, and of the fixtures and equipment therein, and to have, hold, manage, lease to any person or person, use and operate the same in such parcels and on such terms and for such periods of time as Mortgagee may deem proper in its sole discretion, Mortgagor agreeing that he shall and will whenever requested by Mortgagee so to do, assign, transfer, and deliver unto Mortgagee any lease or sublease; and to collect and receive all rents, issues, and profits of said mortgaged premises and every part thereof; for all of which said Note shall be a sufficient warrant whether or not such lease or sublease has been assigned; and to make from time to time all reasonable alterations, renovations, repairs, and replacements thereto. After deducting the cost of such alterations, renovations, repairs, replacements, and the expenses incident to taking and retaining possession of the mortgaged property, the management and operation thereof, and to keeping the same properly insured, to apply any residue of such rents, issues, and profits to the payment of (a) all ground rents, taxes, charges, claims, assessments, sewer and water rents, and any other liens that may be prior in lien or payment to the debt secured by this Mortgage, with interest thereon, (b) premiums for said insurance, with interest thereon, (c) the interest and principal due and secured by this Mortgage with all costs and attorney's fees; in such order or priority as Mortgagee may determine, any statute, law, custom, or use to the contrary notwithstanding.

The taking of possession of the mortgaged premises by Mortgagee, as herein provided, shall not relieve any default by Mortgagor, or prevent the enforcement of any of the remedies provided by said Note or this Mortgage.

The remedies provided by said Note and this Mortgage or any other indebtedness therein provided or secured by this Mortgage, and for the performance of the covenants, conditions, and agreements of said Note or this Mortgage are cumulative and concurrent, and may be pursued singly, or successfully, or together, at the sole discretion of Mortgagee, and may be exercised as often as occasion therefor shall occur.

PROVIDED, that in case default shall be made in the payment of any installment of principal and interest, or any other payment hereinabove or in the conditions of said recited Note provided for, or in the keeping and performance by the Mortgagor of any covenant or agreement contained therein or in this Mortgage to be by said Mortgagor kept and performed, in the manner and at the time specified for the performance thereof, such default will entitle Mortgagee forthwith to bring and sue out an Action of Mortgage Foreclosure upon this Indenture of Mortgage, or to institute any other appropriate action or proceeding to foreclose a mortgage, and to proceed thereon to judgement and execution, for recovery of said principal debt or sums and all interest thereon and all other sums hereby secured, together with an attorney's commission for collection, as aforesaid, and costs and expenses of such proceeding, and to pursue any and all other appropriate legal or equitable remedies in such cases provided without further stay of execution or other process, any law, usage, or custom to the contrary notwithstanding. Mortgagor expressly waives and relinquishes all benefit that may accrue by virtue of any and every law made or to be made exempting the mortgaged premises or any other premises or property whatever, real or personal, from attachment, levy, or sale under execution, or any part of the proceeds arising from any sale thereof, and all benefit of any stay of execution or other process. Mortgagor hereby waives and relinquishes unto and in favor of the Mortgagee, all benefit under all laws now in effect or hereafter passed to relieve the Mortgagor in any manner from the obligations assumed in the Note for which this Indenture is security.  Should the Veterans Administration for any reason fail or refuse to issue the grantee in the maximum amount permitted of the loan secured by this mortgage under the provisions of the Servicemen's Readjustment Act of 1944, as amended within sixty days of the date hereof, the mortgagee herein may at its option, declare all sums secured by this mortgage immediately due and payable.

BUT PROVIDED ALWAYS, nevertheless, that if said Mortgagor shall pay or cause to be paid unto the said Mortgagee, the aforesaid debt secured by this Mortgage, when and in the manner hereinbefore mentioned and appointed for payment of the same, together with interest and all other sums hereby secured, then and from thenceforth, this Indenture, and the estate hereby granted, as well as said recited Note, shall cease, determine, and become void, anything hereinbefore or in said Note contained to the contrary notwithstanding.

If this Mortgage is executed by more than one person as Mortgagor, the liability of each shall be joint and several.

The covenants, conditions, and provisions contained in said Note, or in this Mortgage, shall bind, and the benefits and advantages thereof shall inure to, the respective heirs, executors, administrators, successors, vendees, and assigns of the parties hereto or thereto; and whenever used in said Note or in this Mortgagor, the singular number shall include the plural, the plural the singular, the use of any gender shall be applicable to all genders, and the term "Mortgagee" shall include any payee of the indebtedness represented by said Note, or secured by this Mortgage, or any transferee thereof, whether by operation of law or otherwise.

IN WITNESS WHEREOF, Mortgagor herunto sets his hand and seal.  Dated the day and year first hereinabove written.

SIGNED, SEALED AND DELIVERED IN THE PRESENCE OF:

_____                    _____ (Seal)
**Witness**                                    WILLIAM T. SMITH           -Borrower

_____                    _____ (Seal)
**Witness**                                                               -Borrower

                                               _____ (Seal)
                                                                          -Borrower

                                               _____ (Seal)
                                                                          - Borrower

---

## CERTIFICATE OF RESIDENCE

I, the Agent of Mortgagee, do hereby certify that the correct address of the within-named Mortgagee is    .

2 WEST LAFAYETTE STREET, A DIVISION OF COMMONWEALTH

**WITNESS my hand this**   30th                    **day of**   March          , 2000

                                               _____
                                               Agent of Mortgagee

---

**COMMONWEALTH OF PENNSYLVANIA**       )
                                       > ss
**COUNTY OF**   PHILADELPHIA           )
On this   30th   day of   March            , A.D.,  2000 , before me, came the above-named
_____
and acknowledged the within Indenture of Mortgage to be HIS/HER/THEIR act and deed, and desired the same to be recorded as such.

WITNESS my hand and seal, the day and year aforesaid.

_____
Title of Officer

**My commission expires**

NOTARIAL SEAL
SUSAN V. WEBTZ, Notary Public
Upper Southampton Twp. Bucks County
My Commission Expires Feb. 17, 2001

Exhibit "A"

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE IN THE 52ND (FORMERLY PART OF THE 34TH) WARD OF THE CITY OF PHILADELPHIA AND DESCRIBED ACCORDING TO A SURVEY BY GEORGE T. SHEGOG, SURVEYOR AND REGULATOR OF THE 11TH DISTRICT ON NOVEMBER 18, 1938 AND REVISED AS FOLLOWS TO WIT:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF PARMA ROAD (EIGHTY FEET WIDE) AT THE DISTANCE OF ONE HUNDRED FIFTY-ONE AND SIX HUNDRED SIXTY-SEVEN ONE THOUSANDTHS FEET SOUTHWESTWARDLY FROM THE SOUTHWESTERLY SIDE OF CONSHOHOCKEN AVENUE (ONE HUNDRED FEET).

CONTAINING IN FRONT OR BREADTH ON SAID PARMA ROAD EIGHTEEN FEET AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHEASTWARDLY BETWEEN PARALLEL LINES AT RIGHT ANGLES TO SAID PARMA ROAD ONE HUNDRED EIGHT FEET TO THE CENTER LINE OF A TEN FEET WIDE DRIVEWAY WHICH EXTENDS SOUTHWESTWARDLY INTO SORENTO ROAD (FIFTY FEET WIDE) AND NORTHEASTWARDLY COMMUNICATING WITH A CERTAIN OTHER TEN FEET WIDE- DRIVEWAY WHICH EXTENDS NORTHWESTWARDLY INTO SAID PARMA ROAD AND SOUTHEASTWARDLY INTO SAID SORENTO ROAD. THE NORTHEAST AND SOUTHWEST LINES THEREOF PASSING PARTLY THROUGH THE CENTER OF PARTY WALLS BETWEEN THESE PREMISES AND THE PREMISES ADJOINING ON THE NORTHEAST AND SOUTHWEST RESPECTIVELY.

BEING NO. 2645 PARMA ROAD.

TOGETHER WITH AND RESERVING THEREOUT THE FREE AND COMMON USE, RIGHT, LIBERTY AND PRIVILEGE OF THE ABOVE MENTIONED DRIVEWAYS AS AND FOR THE DRIVEWAYS, PASSAGEWAYS AND WATERCOURSES AT ALL TIMES HEREAFTER FOREVER IN COMMON WITH THE OTHER OWNERS, TENANTS AND OCCUPIERS OF THE LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE THEREOF. SUBJECT HOWEVER TO THE PROPORTIONATE PART OF THE EXPENSE OF KEEPING SAID DRIVEWAYS IN GOOD ORDER, CONDITION AND REPAIR, AND AT ALL TIMES, HEREAFTER FOREVER.

Being the same premises which Mollie Framson by deed dated _____, and recorded in the county of Philadelphia, deed book _____, page number _____, granted and conveyed to William T. Smith.

## ASSUMPTION RIDER TO VA MORTGAGE,
## DEED OF TRUST OR SECURITY DEED

This Rider is made a part of and changes the terms of the Mortgage, Deed of Trust or Security Deed dated **March    30    2000** covering the above property and given by the above Borrower(s) to Comnet Mortgage Services, a division of Commonwealth Bank as follows:

1.  **Transfer of Property.** This loan is immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 1817A of Chapter 37, Title 38, United States Code.

2.  **Funding Fee.** A fee equal to one-half of 1 percent of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Administrator of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 1829(b).

3.  **Processing Charge.** Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Veterans' Administration for a loan to which Section 1817A of Chapter 37, Title 38, United States Code applies.

4.  **Indemnity Liability.** If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan, including the obligation of the veteran to indemnify the Veterans Administration to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

_____
(Borrower)    **WILLIAM T. SMITH**                    (Date)

_____
(Borrower)                                            (Date)

_____
(Borrower)                                            (Date)

_____
(Borrower)                                            (Date)

Exhibit C

# RECORDING INFORMATION SUMMARY (RIS)

The information provided by you will be relied upon by the Departmeot of Records for examination and iadexing purposes. If there is any conflict between the RIS and the attached document, the information on the RIS shall prevail for examination and indexing purposes.

**RETURN DOCUMENT TO:**
Name: Comnet mtg Serv
Address: 2 W Lafayette Pl
Norristown PA 19401

Telephone:

A

1. Type of Document:
   - ☐ Deed
   - ☐ Sheriff's Deed
   - ☐ Deed of Condemnation
   - ☐ Other Deed
   - ☐ Mortgage
   - ☐ Release of Mortgage
   - ☑ Assignment of Mortgage
   - ☐ Satisfaction of Mortgage
   - ☐ Lease/Memorandum of Lease
   - ☐ Assignment of Lease & Rent
   - ☐ Easement
   - ☐ Other _____ (specify)

2. Date of Document: 3 / 30 / 00
   month / day / year

3. Grantor/Mortgagor/Assignor/Lessor/ (a.) Comnet mtg serv ADO Commonwealth Bak
   Other: (b.)
   (Last Name, First Name, Middle Initial)
   ☐ Additional names on Continuation Page of RIS

4. Grantee/Mortgagee/Assignee/Lessee/ (a.) Norwest mtg Inc
   Other: (b.)
   (Last Name, First Name, Middle Initial)
   ☐ Additional names on Continuation Page of RIS

5. Property Address:
   (a.) House No. & Street Name: 2645 Pravma Road
   Condo Name(if applicable): _____ Unit # 1 Philadelphia, PA Zip Code: 19131
   BRT Account # (optional): _____ Parcel Identification Number (PIN) (optional): _____
   ☐ Additional addresses on Continuation Page of RIS

6. Grantee's Mailing Address (Deed Only):
   (If Grantee is at a different address than the Property Address listed in Section 5, complete this section.)
   Grantee or Designee Name: _____
   House No. & Street Name: _____
   City: _____ State: _____ Zip Code: _____

7. Recording Information to be Referenced. Mortgage to be released/satisfied/assigned/modified:
   (a.) Name of Original Mortgagee: Comnet mtg serv
   Recording Date of Original Mortgage: _____ / _____ / _____
   month / day / year
   Recorder's Index Information of Original Mortgage:
   50063160
   Initials, Book and Page or Doc. ID#
   ☐ Additional references on Continuation Page of RIS

8. **Optional Information**
   ☐ Consolidation ☐ Subdivision

'OR Name

'OR Telephone Number

'OR Signature

FOR DEPT USE ONLY

50105792
Page: 1 of 4
07/03/2000 12:57PM

This Document Recorded
07/03/2000
12:57PM
Doc Code: R   Commissioner of Records, City of Philadelphia

Doc Id: 50105792
Rec Fee: 43.50

## RECORDING INFORMATION SUMMARY (RIS) - continuation

Type of Document from Section 1 :

| Copy Name from Section 3a: | Copy Name from Section 4a: |
|---|---|

3. Grantor/Mortgagor/Assignor/Lessor/
Other:
Cont'd
*(Last Name, First Name, Middle Initial)*

- (c.) Comnet mtg serv ADO Commonwealth Bank
- (d.) _____
- (e.) _____
- (f.) _____

4. Grantee/Mortgagee/Assignee/Lessee/
Other:
Cont'd
*(Last Name, First Name, Middle Initial)*

- (c.) Norwest mtg Inc
- (d.) _____
- (e.) _____
- (f.) _____

5. Property Address:

(b.) House No. & Street Name: 2645 Parma Road
Condo Name(if applicable): _____ Unit # C Philadelphia, PA Zip Code: 19131
BRT Account # (optional): _____ Parcel Identification Number (PIN) (optional): _____

(c.) House No. & Street Name: _____
Condo Name(if applicable): _____ Unit # _____ Philadelphia, PA Zip Code: _____
BRT Account # (optional): _____ Parcel Identification Number (PIN) (optional): _____

(d.) House No. & Street Name: _____
Condo Name(if applicable): _____ Unit # _____ Philadelphia, PA Zip Code: _____
BRT Account # (optional): _____ Parcel Identification Number (PIN) (optional): _____

7. Recording Information to be Referenced. Mortgage to be released/satisfied/assigned/modified:

(b.) Name of Original Mortgagee: Comnet mtg serv
Recording Date of Original Mortgage: ____ / ____ / ____
month   day   year

Recorder's Index Information
of Original Mortgage:
50063160
Initials, Book and Page or Doc. ID#

(c.) Name of Original Mortgagee: _____
Recording Date of Original Mortgage: ____ / ____ / ____
month   day   year

Recorder's Index Information
of Original Mortgage:
_____
Initials, Book and Page or Doc. ID#

(d.) Name of Original Mortgagee: _____
Recording Date of Original Mortgage: ____ / ____ / ____
month   day   year

Recorder's Index Information
of Original Mortgage:
_____
Initials, Book and Page or Doc. ID#

FOR DEPT USE ONLY

50105792
Page: 2 of 4
07/03/2009 12:57P

## ASSIGNMENT OF BOND AND MORTGAGE

PREPARED BY: *Kerry Greeley*
Kerry Greeley

### KNOW ALL MEN BY THESE PRESENTS

THAT COMNET MORTGAGE SERVICES, A DIVISION OF COMMONWEALTH BANK, the mortgagee named in the Indenture of Mortgage hereinafter mentioned, for and in consideration of the sum paid unto it by Norwest Mortgage Inc., at the time of execution hereof, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, assign, transfer and set over unto the said Norwest Mortgage, Inc. a California Corporation, 800 LaSalle Avenue, Suite 1000, Minneapolis, MN, 55402, its successors and/or assigns,

ALL THAT CERTAIN Indenture of Mortgage given and executed
BY: William T. Smith
in favor of ComNet Mortgage Services, a division of Commonwealth Bank, in the amount of $69,360.00
dated 03/30/00 and recorded in the city/town/county of PHILADELPHIA in book # at page #
SECURED PREMISES BEING:

2645 Parma Road
Philadelphia, PA  19131

Inst # 50063160

Tax Parcel #: 52-1-2396-00

Also the Bond or Obligation in the said Indenture of Mortgage recited, and all Moneys, principal and Interest, due and to grow due thereon. Together with the warrant of Attorney to the said Obligation annexed. Together with all Rights, Remedies and Incidents thereunto belonging. And all its estate, right, title, interest, property, claim and demand, in and to the same:

To have, hold, receive and take. All and singular the hereditaments and Premises hereby granted and assigned, or mentioned and intended so to be, with the appurtenances, unto it and assigns, to and for its only proper use, benefit and behoof forever; subject, nevertheless, to the equity of redemption of said Mortgagor in the said Indenture of Mortgage named, and their heirs and assigns therein.

In Witness Whereof, the undersigned has executed this assignment and affixed its corporate seal this April 10, 2000.

SEALED AND DELIVERED IN THE
PRESENCE OF US:

COMNET MORTGAGE SERVICES
A DIVISION OF COMMONWEALTH BANK

BY:
ROBERT F. JOHNSON, JR.
MORTGAGE OFFICER

ATTEST:
PETER A. KEMP
ASSISTANT SECRETARY

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

On this day April 10, 2000, before me, the undersigned officer, personally appeared ROBERT F. JOHNSON, JR. who acknowledged himself to be a mortgage officer of ComNet Mortgage Services, a division of Commonwealth Bank, and that he as such mortgage officer being authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as a mortgage officer.

In witness whereof, I hereunto set my hand and official seal.

Notary Public

RETURN TO: Comnet Mortgage Services, P. O. Box 2101, Valley Forge, PA  19492

50105792
Page: 3 of 4
07/03/2000 12:57P

Exhibit "A"

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE IN THE 52ND (FORMERLY PART OF THE 34TH) WARD OF THE CITY OF PHILADELPHIA AND DESCRIBED ACCORDING TO A SURVEY BY GEORGE T. SHEGOG, SURVEYOR AND REGULATOR OF THE 11TH DISTRICT ON NOVEMBER 18, 1938 AND REVISED AS FOLLOWS TO WIT:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF PARMA ROAD (EIGHTY FEET WIDE) AT THE DISTANCE OF ONE HUNDRED FIFTY-ONE AND SIX HUNDRED SIXTY-SEVEN ONE THOUSANDTHS FEET SOUTHWESTWARDLY FROM THE SOUTHWESTERLY SIDE OF CONSHOHOCKEN AVENUE (ONE HUNDRED FEET).

CONTAINING IN FRONT OR BREADTH ON SAID PARMA ROAD EIGHTEEN FEET AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHEASTWARDLY BETWEEN PARALLEL LINES AT RIGHT ANGLES TO SAID PARMA ROAD ONE HUNDRED EIGHT FEET TO THE CENTER LINE OF A TEN FEET WIDE DRIVEWAY WHICH EXTENDS SOUTHWESTWARDLY INTO SORENTO ROAD (FIFTY FEET WIDE) AND NORTHEASTWARDLY COMMUNICATING WITH A CERTAIN OTHER TEN FEET WIDE DRIVEWAY WHICH EXTENDS NORTHWESTWARDLY INTO SAID PARMA ROAD AND SOUTHEASTWARDLY INTO SAID SORENTO ROAD. THE NORTHEAST AND SOUTHWEST LINES THEREOF PASSING PARTLY THROUGH THE CENTER OF PARTY WALLS BETWEEN THESE PREMISES AND THE PREMISES ADJOINING ON THE NORTHEAST AND SOUTHWEST RESPECTIVELY.

BEING NO. 2645 PARMA ROAD.

TOGETHER WITH AND RESERVING THEREOUT THE FREE AND COMMON USE, RIGHT, LIBERTY AND PRIVILEGE OF THE ABOVE MENTIONED DRIVEWAYS AS AND FOR THE DRIVEWAYS, PASSAGEWAYS AND WATERCOURSES AT ALL TIMES HEREAFTER FOREVER IN COMMON WITH THE OTHER OWNERS, TENANTS AND OCCUPIERS OF THE LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE THEREOF. SUBJECT HOWEVER TO THE PROPORTIONATE PART OF THE EXPENSE OF KEEPING SAID DRIVEWAYS IN GOOD ORDER, CONDITION AND REPAIR, AND AT ALL TIMES, HEREAFTER FOREVER.

Being the same premises which Mollie Framson by deed dated
_____, and recorded in the county of Philadelphia, deed
book _____, page number _____, granted and conveyed
to William T. Smith.

PREPARED BY: WELLS FARGO BANK, N.A.

When Recorded Return To:
DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.
MAC: X9998-018
PO BOX 1629
MINNEAPOLIS, MN 55440-9790

This Document Recorded
01/07/2013
12:23PM
Doc Code: A      Commissioner of Records   City of Philadelphia

Doc Id  52581942
Rec Fee  198.00

## CORPORATE ASSIGNMENT OF MORTGAGE

Philadelphia, Pennsylvania
"SMITH"

Date of Assignment: December 31st, 2012

Assignor: WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME
MORTGAGE, INCORPORATED, FORMERLY KNOWN AS NORWEST MORTGAGE,
INCORPORATED
Assignee: U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS DELAWARE TRUSTEE AND U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS CO-TRUSTEE FOR GOVERNMENT LOAN
SECURITIZATION TRUST 2011-FV1

I hereby certify the precise address of the within named Assignor is 1 HOME CAMPUS, DES MOINES,
IA 50328.

I hereby certify the precise address of the within named Assignee is C/O WELLS FARGO BANK, N.A., 1
HOME CAMPUS, DES MOINES, IA 50328.

Executed By: WILLIAM T. SMITH To: COMNET MORTGAGE SERVICES, A DIVISION OF
COMMONWEALTH BANK
Date of Mortgage: 03/30/2000 Recorded: 04/10/2000 as Instrument/Document: 50063160 In the
County of Philadelphia, State of Pennsylvania.
2645 PARMA ROAD, PHILADELPHIA, PA 19131 in the City of Philadelphia
Legal: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

I do certify that the precise address of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS DELAWARE TRUSTEE AND U.S. BANK NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CO-TRUSTEE FOR
GOVERNMENT LOAN SECURITIZATION TRUST 2011-FV1 is C/O WELLS FARGO BANK, N.A., 1
HOME CAMPUS, DES MOINES, IA 50328
Attested By: _Lillith Palmer_

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and
sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named
Assignee, the said Mortgage having an original principal sum of $69,360.00 with interest, secured
thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and
the full benefit of all the powers and of all the covenants and provisos therein contained, and the said



CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INCORPORATED, FORMERLY KNOWN AS NORWEST MORTGAGE, INCORPORATED
On ____1- 2 - /3____

By: _____
Scott Heurkins
Vice President Loan Documentation

STATE OF Minnesota
COUNTY OF Dakota

On _/-2-/3___, before me, ___**Chan Ernest Harries**___, a Notary Public in Dakota
County in the State of Minnesota, personally appeared ___Scott Heurkins___,
Vice President Loan Documentation of WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INCORPORATED, FORMERLY KNOWN AS NORWEST MORTGAGE, INCORPORATED, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_Chan Ernest Harries_

___Chan Ernest Harries___
Notary Expires:/ 13/1/6

CHAN ERNEST HARRIES
NOTARY PUBLIC-MINNESOTA
My Commission Expires
January 31, 2016

(This area for notarial seal)

## Exhibit A

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE IN THE 52ND (FORMERLY PART OF THE 34TH) WARD OF THE CITY OF PHILADELPHIA AND DESCRIBED ACCORDING TO A SURVEY BY GEORGE T. SHEGOG, SURVEYOR AND REGULATOR OF THE 11TH DISTRICT ON NOVEMBER 18, 1938 AND REVISED AS FOLLOWS TO WIT:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF PARMA ROAD (EIGHTY FEET WIDE) AT THE DISTANCE OF ONE HUNDRED FIFTY-ONE AND SIX HUNDRED SIXTY-SEVEN ONE THOUSANDTHS FEET SOUTHWESTWARDLY FROM THE SOUTHWESTERLY SIDE OF CONSHOHOCKEN AVENUE (ONE HUNDRED FEET).

CONTAINING IN FRONT OR BREADTH ON SAID PARMA ROAD EIGHTEEN FEET AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHEASTWARDLY BETWEEN PARALLEL LINES AT RIGHT ANGLES TO SAID PARMA ROAD ONE HUNDRED EIGHT FEET TO THE CENTER LINE OF A TEN FEET WIDE DRIVEWAY WHICH EXTENDS SOUTHWESTWARDLY INTO SORENTO ROAD (FIFTY FEET WIDE) AND NORTHEASTWARDLY COMMUNICATING WITH A CERTAIN OTHER TEN FEET WIDE DRIVEWAY WHICH EXTENDS NORTHWESTWARDLY INTO SAID PARMA ROAD AND SOUTHEASTWARDLY INTO SAID SORENTO ROAD THE NORTHEAST AND SOUTHWEST LINES THEREOF PASSING PARTLY THROUGH THE CENTER OF PARTY WALLS BETWEEN THESE PREMISES AND THE PREMISES ADJOINING ON THE NORTHEAST AND SOUTHWEST RESPECTIVELY

BEING NO. 2645 PARMA ROAD.

TOGETHER WITH AND RESERVING THEREOUT THE FREE AND COMMON USE, RIGHT, LIBERTY AND PRIVILEGE OF THE ABOVE MENTIONED DRIVEWAYS AS AND FOR THE DRIVEWAYS, PASSAGEWAYS AND WATERCOURSES AT ALL TIMES HEREAFTER FOREVER IN COMMON WITH THE OTHER OWNERS, TENANTS AND OCCUPIERS OF THE LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE THEREOF. SUBJECT HOWEVER TO THE PROPORTIONATE PART OF THE EXPENSE OF KEEPING SAID DRIVEWAYS IN GOOD ORDER, CONDITION AND REPAIR, AND AT ALL TIMES, HEREAFTER FOREVER.

Being the same premises which Mollie Framson by deed dated
_____, and recorded in the county of Philadelphia, deed book _____, page number _____, granted and conveyed to William T. Smith.

eRecorded in Philadelphia PA  Doc Id: 53448410
12/03/2018 10:24 AM    Page 1 of 3    Rec Fee: $224.75
Receipt#: 18-119792
Records Department    Doc Code: A

PREPARED BY: WELLS FARGO BANK, N.A.

When Recorded Return To:
ASSIGNMENT TEAM
WELLS FARGO BANK, N.A.
MAC: N9289-016
PO BOX 1629
EAGAN, MN  55121-4400

340

## CORRECTIVE ASSIGNMENT OF MORTGAGE

Philadelphia, Pennsylvania
"SMITH"

Date of Assignment: November 26th, 2018

Assignor: WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INCORPORATED, FORMERLY KNOWN AS NORWEST MORTGAGE, INCORPORATED

Assignee: GOVERNMENT LOAN SECURITIZATION TRUST 2011-FV1 BY U.S. BANK NATIONAL ASSOCIATION, AS CO-TRUSTEE AND U.S. BANK TRUST NATIONAL ASSOCIATION AS DELAWARE TRUSTEE

I hereby certify the precise address of the within named Assignor is 1 HOME CAMPUS, DES MOINES, IA 50328.

Executed By: WILLIAM T. SMITH  To: COMNET MORTGAGE SERVICES, A DIVISION OF COMMONWEALTH BANK
Date of Mortgage: 03/30/2000 Recorded: 04/10/2000 as Instrument/Document: 50063160  In the County of Philadelphia, State of Pennsylvania.
Property Address: 2645 PARMA ROAD, PHILADELPHIA, PA 19131 in the City of Philadelphia
Legal: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

This Corrective Assignment is being recorded to amend that Assignment recorded 1/7/2013 as instrument number 52581942, as that Assignment incorrectly shows the assignee name to be U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware Trustee and U.S. Bank National Association, not in its individual capacity but solely as Co-Trustee for Government Loan Securitization Trust 2011-FV1, whereas it should show Government Loan Securitization Trust 2011-FV1 by U.S. Bank National Association, as Co-Trustee and U.S. Bank Trust National Association as Delaware Trustee.



CORRECTIVE ASSIGNMENT OF MORTGAGE Page 2 of 2

I do certify that the precise address of GOVERNMENT LOAN SECURITIZATION TRUST 2011-FV1 BY U.S. BANK NATIONAL ASSOCIATION, AS CO-TRUSTEE AND U.S. BANK TRUST NATIONAL ASSOCIATION AS DELAWARE TRUSTEE is C/O WELLS FARGO BANK, N.A., 1 HOME CAMPUS, DES MOINES, IA 50328

Attested By: _____

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $69,360.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INCORPORATED, FORMERLY KNOWN AS NORWEST MORTGAGE, INCORPORATED

On __11·26·18__

By: _____
Carlo M. Naughton
Vice President Loan Documentation

STATE OF Minnesota
COUNTY OF Dakota

This instrument was acknowledged before me, ___Michelle Erin Wihren___, a Notary Public, on __11·26·18__ by ___Carlo M. Naughton___ as Vice President Loan Documentation of WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INCORPORATED, FORMERLY KNOWN AS NORWEST MORTGAGE, INCORPORATED.

WITNESS my hand and official seal,

_____
Michelle Erin Wihren
Notary Expires: 1/31/2021

MICHELLE ERIN WIHREN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 1/31/2021

(This area for notarial seal)

## Exhibit A

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE IN THE 52ND (FORMERLY PART OF THE 34TH) WARD OF THE CITY OF PHILADELPHIA AND DESCRIBED ACCORDING TO A SURVEY BY GEORGE T. SHEGOG, SURVEYOR AND REGULATOR OF THE 11TH DISTRICT ON NOVEMBER 18, 1938 AND REVISED AS FOLLOWS TO WIT:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF PARMA ROAD (EIGHTY FEET WIDE) AT THE DISTANCE OF ONE HUNDRED FIFTY-ONE AND SIX HUNDRED SIXTY-SEVEN ONE THOUSANDTHS FEET SOUTHWESTWARDLY FROM THE SOUTHWESTERLY SIDE OF CONSHOHOCKEN AVENUE (ONE HUNDRED FEET).

CONTAINING IN FRONT OR BREADTH ON SAID PARMA ROAD EIGHTEEN FEET AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHEASTWARDLY BETWEEN PARALLEL LINES AT RIGHT ANGLES TO SAID PARMA ROAD ONE HUNDRED EIGHT FEET TO THE CENTER LINE OF A TEN FEET WIDE DRIVEWAY WHICH EXTENDS SOUTHWESTWARDLY INTO SORENTO ROAD (FIFTY FEET WIDE) AND NORTHEASTWARDLY COMMUNICATING WITH A CERTAIN OTHER TEN FEET WIDE DRIVEWAY WHICH EXTENDS NORTHWESTWARDLY INTO SAID PARMA ROAD AND SOUTHEASTWARDLY INTO SAID SORENTO ROAD. THE NORTHEAST AND SOUTHWEST LINES THEREOF PASSING PARTLY THROUGH THE CENTER OF PARTY WALLS BETWEEN THESE PREMISES AND THE PREMISES ADJOINING ON THE NORTHEAST AND SOUTHWEST RESPECTIVELY.

BEING NO. 2645 PARMA ROAD.

TOGETHER WITH AND RESERVING THEREOUT THE FREE AND COMMON USE, RIGHT, LIBERTY AND PRIVILEGE OF THE ABOVE MENTIONED DRIVEWAYS AS AND FOR THE DRIVEWAYS, PASSAGEWAYS AND WATERCOURSES AT ALL TIMES HEREAFTER FOREVER IN COMMON WITH THE OTHER OWNERS, TENANTS AND OCCUPIERS OF THE LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE THEREOF. SUBJECT HOWEVER TO THE PROPORTIONATE PART OF THE EXPENSE OF KEEPING SAID DRIVEWAYS IN GOOD ORDER, CONDITION AND REPAIR, AND AT ALL TIMES, HEREAFTER FOREVER.