**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br><br>WILLIAM TERRAL SMITH<br>Debtor(s)<br><br>GOVERNMENT LOAN SECURITIZATION TRUST 2011-FV1, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS DELAWARE TRUSTEE AND U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CO-TRUSTEE<br>Movant<br>v.<br>WILLIAM TERRAL SMITH<br>Debtor(s)<br><br>KENNETH E. WEST<br>Trustee<br>Respondent(s) | Chapter: 13<br><br>Bankruptcy Case: 22-13116<br><br>Judge: BAKER, DEREK J. |

**ORDER APPROVING STIPULATION**

**^ Dkt 114**

AND NOW, upon consideration of the Stipulation between Debtor and Government Loan Securitization Trust 2011-FV1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its individual capacity but solely as Co-Trustee, it is hereby STIPULATED and SETTLED that the Stipulation is APPROVED and made an Order of the Court.

BY THE COURT:

Date:
**Date: June 17, 2025**

_____
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br><br>WILLIAM TERRAL SMITH<br>Debtor(s)<br><br>GOVERNMENT LOAN SECURITIZATION TRUST 2011-FV1, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS DELAWARE TRUSTEE AND U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CO-TRUSTEE<br>Movant<br>v.<br>WILLIAM TERRAL SMITH<br>Debtor(s)<br><br>KENNETH E. WEST<br>Trustee<br>Respondent(s) | Chapter: 13<br><br>Bankruptcy Case: 22-13116<br><br>Judge: BAKER, DEREK J. |

**STIPULATION SETTLING MOTION FOR RELIEF FROM AUTOMATIC STAY**

AND NOW, upon the Motion of Government Loan Securitization Trust 2011-FV1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its individual capacity but solely as Co-Trustee and any and all successors and assignee's (hereinafter collectively referred to as "Creditor"), through its Counsel, Stern & Eisenberg, PC, under 11 U.S.C. § 362(d) for relief from the automatic stay as to Debtor's real property located at **2645 Parma Road, Philadelphia, PA 19131** (hereinafter, the "Property"), and the parties agreeing to the entry of the Order settling the Motion for Relief and for cause shown, it is hereby STIPULATED AND SETTLED as follows:

1. As of 01/29/2025, William Terral Smith (hereinafter, "Debtor") acknowledges that Debtor is due for the following post-petition regular monthly payments from August 1, 2023:

| Missed Payments | From | To | Principal and Interest | Escrow (if applicable) | Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 4 | 08/01/2023 | 11/01/2023 | 429.97 | $259.31 | 689.28 | $2,757.12 |
| 11 | 12/01/2023 | 10/01/2024 | 429.97 | $211.38 | 641.35 | $7,054.85 |
| 6 | 11/01/2024 | 04/01/2025 | 429.97 | $253.44 | 683.41 | $4,100.46 |
| **Less post-petition partial payments (suspense balance):** | | | | | | $(518.68) |
| **Total Amount of Post-Petition Payments Due:** | | | | | | $13,393.75 |

| | |
|---|---|
| Motion for Relief Filing Fee | $199.00 |
| Motion for Relief Attorney's Fees | $1,050.00 |
| Total to be paid by Stipulation | $14,642.75 |

2. Debtor shall cure the Arrears as set forth above by filing an Amended Plan within seven (7) days of the Court Order approving this Stipulation. Debtor's Amended Plan shall incorporate the post-petition delinquency in the amount of $14,642.75 to the pre-petition arrears of $14,731.87 making a total of $29,374.62 to be paid through the plan. Debtor agrees to continue making their regular monthly payments beginning May 1, 2025.

3. Payment(s) due in accordance with this Stipulation shall be due on or before the 1st of each month.

4. Debtor shall make the regular monthly payments required to the Trustee.

5. All payments due to Creditor from Debtor are to be made directly to Creditor pursuant to the applicable Proof of Claim or Transfer of Claim, making sure that Debtor's loan number appears on all payments.

6. In the event Debtor fails to make any of the payments set forth hereinabove (or payments for real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtor and Debtor's counsel notice of the default.

7. If any such default is not cured within ten (10) days of said notice of the default, upon certification to the court of such default, and request for Order, with a copy to Debtor and Debtor's counsel, Creditor shall immediately have relief from the bankruptcy stay.

8. Debtor shall pay all attorney's fees and costs for each Notice of Default issued by Creditor as a result of Debtor's failure to make payments in accordance with this Stipulation.

9. The failure by Creditor, at any time, to file a Certification of Default upon default by Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

10. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

11. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date that the case is converted. If Debtor fails to make payment in accordance with this paragraph then Creditor, through Counsel, may file a certification setting forth said failure and Creditor shall be granted immediate relief from the automatic stay.

12. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived. In the event an order granting relief is entered then the requirements of 3002.1 shall NOT apply to Creditor.

13. Facsimile signatures shall be as valid as original signatures and this Stipulation may be signed in counterparts.

By signing this Stipulation, Debtor's Counsel represents that Debtor is familiar with and understand the terms of the Stipulation and agree to said terms regardless of whether Debtor has actually signed said stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Daniel P. Jones
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com
Counsel for Creditor
Date: January 30, 2025

/s/ Michael A. Cibik
Michael A. Cibik
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
ecf@ccpclaw.com
Counsel for Debtor(s)
Date: June 10, 2025

No Objection
/s/ LeeAne O. Huggins    June 11,2025
_____
Kenneth E. West
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
ecfemails@ph13trustee.com
Chapter13 Trustee