United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-13116-djb |
| William Terral Smith | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 17, 2025 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 19, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | William Terral Smith, 2645 Parma Rd, Philadelphia, PA 19131-2708 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 19, 2025                    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 17, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DANIEL P. JONES | on behalf of Creditor Government Loan Securitization Trust 2011-FV1  U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its indivi djones@sterneisenberg.com, bkecf@sterneisenberg.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor Government Loan Securitization Trust 2011-FV1  U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its indivi bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com |
| MICHAEL A. CIBIK | on behalf of Debtor William Terral Smith help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| MICHELLE L. MCGOWAN | on behalf of Creditor Government Loan Securitization Trust 2011-FV1 mimcgowan@raslg.com |

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Jun 17, 2025 | Form ID: pdf900 | Total Noticed: 1

ROBERT BRIAN SHEARER
    on behalf of Creditor Government Loan Securitization Trust 2011-FV1  U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its indivi rshearer@raslg.com

STEVEN K. EISENBERG
    on behalf of Creditor Government Loan Securitization Trust 2011-FV1  U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its indivi seisenberg@sterneisenberg.com, bkecf@sterneisenberg.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

WILLIAM EDWARD CRAIG
    on behalf of Creditor Credit Acceptance Corporation wcraig@egalawfirm.com mortoncraigecf@gmail.com;alapinski@egalawfirm.com

TOTAL: 10

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br>WILLIAM TERRAL SMITH<br>Debtor(s)<br><br>GOVERNMENT LOAN SECURITIZATION TRUST 2011-FV1, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS DELAWARE TRUSTEE AND U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CO-TRUSTEE<br>Movant<br>v.<br>WILLIAM TERRAL SMITH<br>Debtor(s)<br><br>KENNETH E. WEST<br>Trustee<br>Respondent(s) | Chapter: 13<br><br>Bankruptcy Case: 22-13116<br><br>Judge: BAKER, DEREK J. |

**ORDER APPROVING STIPULATION**

**^ Dkt 114**

AND NOW, upon consideration of the Stipulation between Debtor and Government Loan Securitization Trust 2011-FV1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its individual capacity but solely as Co-Trustee, it is hereby STIPULATED and SETTLED that the Stipulation is APPROVED and made an Order of the Court.

BY THE COURT:

Date:
**Date: June 17, 2025**

_____
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br><br>WILLIAM TERRAL SMITH<br>Debtor(s)<br><br>GOVERNMENT LOAN SECURITIZATION TRUST 2011-FV1, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS DELAWARE TRUSTEE AND U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CO-TRUSTEE<br>Movant<br>v.<br>WILLIAM TERRAL SMITH<br>Debtor(s)<br><br>KENNETH E. WEST<br>Trustee<br>Respondent(s) | Chapter: 13<br><br>Bankruptcy Case: 22-13116<br><br>Judge: BAKER, DEREK J. |

**STIPULATION SETTLING MOTION FOR RELIEF FROM AUTOMATIC STAY**

AND NOW, upon the Motion of Government Loan Securitization Trust 2011-FV1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its individual capacity but solely as Co-Trustee and any and all successors and assignee's (hereinafter collectively referred to as "Creditor"), through its Counsel, Stern & Eisenberg, PC, under 11 U.S.C. § 362(d) for relief from the automatic stay as to Debtor's real property located at **2645 Parma Road, Philadelphia, PA 19131** (hereinafter, the "Property"), and the parties agreeing to the entry of the Order settling the Motion for Relief and for cause shown, it is hereby STIPULATED AND SETTLED as follows:

1. As of 01/29/2025, William Terral Smith (hereinafter, "Debtor") acknowledges that Debtor is due for the following post-petition regular monthly payments from August 1, 2023:

| Missed Payments | From | To | Principal and Interest | Escrow (if applicable) | Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 4 | 08/01/2023 | 11/01/2023 | 429.97 | $259.31 | 689.28 | $2,757.12 |
| 11 | 12/01/2023 | 10/01/2024 | 429.97 | $211.38 | 641.35 | $7,054.85 |
| 6 | 11/01/2024 | 04/01/2025 | 429.97 | $253.44 | 683.41 | $4,100.46 |
| **Less post-petition partial payments (suspense balance):** | | | | | | $(518.68) |
| **Total Amount of Post-Petition Payments Due:** | | | | | | $13,393.75 |

| | |
|---|---|
| Motion for Relief Filing Fee | $199.00 |
| Motion for Relief Attorney's Fees | $1,050.00 |
| Total to be paid by Stipulation | $14,642.75 |

2. Debtor shall cure the Arrears as set forth above by filing an Amended Plan within seven (7) days of the Court Order approving this Stipulation. Debtor's Amended Plan shall incorporate the post-petition delinquency in the amount of $14,642.75 to the pre-petition arrears of $14,731.87 making a total of $29,374.62 to be paid through the plan. Debtor agrees to continue making their regular monthly payments beginning May 1, 2025.

3. Payment(s) due in accordance with this Stipulation shall be due on or before the 1st of each month.

4. Debtor shall make the regular monthly payments required to the Trustee.

5. All payments due to Creditor from Debtor are to be made directly to Creditor pursuant to the applicable Proof of Claim or Transfer of Claim, making sure that Debtor's loan number appears on all payments.

6. In the event Debtor fails to make any of the payments set forth hereinabove (or payments for real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtor and Debtor's counsel notice of the default.

7. If any such default is not cured within ten (10) days of said notice of the default, upon certification to the court of such default, and request for Order, with a copy to Debtor and Debtor's counsel, Creditor shall immediately have relief from the bankruptcy stay.

8. Debtor shall pay all attorney's fees and costs for each Notice of Default issued by Creditor as a result of Debtor's failure to make payments in accordance with this Stipulation.

9. The failure by Creditor, at any time, to file a Certification of Default upon default by Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

10. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

11. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date that the case is converted. If Debtor fails to make payment in accordance with this paragraph then Creditor, through Counsel, may file a certification setting forth said failure and Creditor shall be granted immediate relief from the automatic stay.

12. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived. In the event an order granting relief is entered then the requirements of 3002.1 shall NOT apply to Creditor.

13. Facsimile signatures shall be as valid as original signatures and this Stipulation may be signed in counterparts.

By signing this Stipulation, Debtor's Counsel represents that Debtor is familiar with and understand the terms of the Stipulation and agree to said terms regardless of whether Debtor has actually signed said stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Daniel P. Jones
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com
Counsel for Creditor
Date: January 30, 2025

/s/ Michael A. Cibik
Michael A. Cibik
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
ecf@ccpclaw.com
Counsel for Debtor(s)
Date: June 10, 2025

No Objection
/s/ LeeAne O. Huggins     June 11, 2025
_____
Kenneth E. West
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
ecfemails@ph13trustee.com
Chapter13 Trustee